Charles SONNTAG and Frank Brown, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Mario PAPPAROZZI, individually and in his official capacity; William McCargo, Rolando Gomez–Rivera, Dominic Porrevecchio, Rachel Torres–Chowaniec, Ruby Washington, Joseph Constance, Oscar Doyle, Herberto Collazzo, Lorraine Kulik, Kenneth Connelly, George Yefchek, Laurie Fuchs, Steven Goldberg, Joyce Arcineaco–Krueger, in their individual and official capacities; and Christine Todd Whitman and Donald DiFrancesco, in their individual and official capacities, Defendants.

Civil Action No. 02–3915 (JAP).

United States District Court, D. New Jersey.

April 16, 2003.

William H. Buckman, Moorestown, NJ, for Plaintiffs.

David M. Ragonese, Deputy Attorney General of New Jersey, Trenton, NJ, for Defendants.

## OPINION

PISANO, District Judge.

Plaintiffs bring this action against former and current members of the New Jersey State Parole Board, and the former Governor and acting Governor of New Jersey, pursuant to 42 U.S.C. § 1983 as well as the Eighth and Fourteenth Amendments of the United States Constitution. The Complaint seeks injunctive and declaratory relief on behalf of a putative class of all inmates in New Jersey State Prisons incarcerated as a result of decisions in which at least one temporary Parole Board member participated, allegedly in violation of N.J.S.A. § 30: 4–123.47. Defendants now move to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on multiple grounds: failure of the due process claim because of the *de facto* officer doctrine, absolute and qualified immunity for the Defendants, the favorable termination defense to such allegations under § 1983, the Eleventh Amendment bars the allegations, and the abstention doctrine. Because the Court finds that the Defendants are entitled to qualified immunity for their actions,

and meet the prerequisites of the *de facto* officer doctrine, it does not address the merits of the other asserted grounds for dismissal.

## I. Statement of Facts

Plaintiffs Charles Sonntag and Frank Brown are inmates incarcerated at East Jersey State Prison, and bring this action on behalf of all New Jersey State Prison inmates incarcerated as a result of decisions of the New Jersey State Parole Board in which at least one temporary Board member participated (Compl.¶¶ 3–4, 23). Plaintiffs allege that temporary Board members were appointed in violation of the Parole Act, in particular N.J.S.A. § 30: 4–123.47, and panel decisions that included the participation of temporary Board members are invalid (Compl.¶ 39). This statute provides that Parole Board members "shall be appointed by the Governor with the advice and consent of the Senate." N.J.S.A. 30: 4–123.47(a). Plaintiffs allege this requirement was violated by the appointment of temporary Board members without Senate confirmation (Compl.¶ 55).

■■■ While the Complaint names all the current members of the Parole Board as defendants, the crux of the allegations involve the appointment of three members: Laurie Fuchs, Steven Goldberg and Joyce Arcineaco–Krueger.[1] Defendant Fuchs was appointed as a temporary Board member by former Governor Christine Todd Whitman and acting Governor Donald DiFrancesco in January 2001, and eventually became an Associate Board member with State Senate confirmation in December 2001.[2] Defendant Goldberg was appointed by Defendant Whitman and served as a temporary Board member during the period between August and December of 2000.[3] Defendant Arcineaco–Krueger was appointed by former Governor Whitman as a temporary Board member in June 2000, and served in that capacity until January 2001.[4] Plaintiffs Brown and Sonntag both had hearings before Parole Board panels that included temporary Board member Laurie Fuchs (Compl.¶ 56–57). Plaintiffs assert that these hearings and the resulting decisions, along with all other Parole Board hearings for inmates with the participation of temporary board members, are illegal and invalid because they allegedly circumvent the requirements of the Parole Act, N.J.S.A. § 30:4–123.47 (Compl.¶ 23). Both counsel for Plaintiffs and Defendants agree that the Parole Board, as currently constituted, is composed of legally appointed members.[5]

Plaintiffs allege that Parole Board meetings with the participation of temporary Board members are illegal and invalid under New Jersey law, and thus constitute violations of the Civil Rights Act, 42 U.S.C. § 1983, the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment. According to Plaintiffs, these alleged violations of state law deprived them of their civil rights and constituted deprivation of life, liberty and property, as well as arbitrary and capricious

---

**1.** *See* March 31, 2003 Transcript of Oral Argument at 5–6.

**2.** Compl. ¶ 48; March 31, 2003 Transcript of Oral Argument at 13.

**3.** Compl. ¶ 18; March 31, 2003 Transcript of Oral Argument at 13.

**4.** *See* March 31, 2003 Transcript of Oral Argument at 13.

**5.** *Id.* at 3. The Court rejects the suggestion from Plaintiffs' counsel that discovery is necessary to confirm this fact. Confirmation of these members by the State Senate is a matter of public record.

punishment, without due process of law[6] (Compl.¶ 69).

Plaintiffs seek, on behalf of themselves and the class, declaratory and injunctive relief declaring null and void Parole Board decisions that involved the participation of temporary Board members, and requiring new panel hearings for all those incarcerated as a result of decisions by a panel with the participation of a temporary Parole Board member (Compl.¶ 79). Plaintiffs also seek compensatory and punitive damages, as well as costs and attorneys' fees.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants now move to dismiss the Complaint for various reasons, including the argument that the Parole Board Defendants are entitled to qualified immunity.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a Rule 12(b)(6) motion, a court accepts as true all of the factual allegations within the complaint and any reasonable inferences that may be drawn from them. *Hayes v. Gross,* 982 F.2d 104, 106 (3d Cir.1992). Claims should be dismissed under Rule 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Though a court must take as true all facts alleged, it may not "assume that the [plaintiff] can prove any facts that it has not alleged." *Associated*

*Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). Further, on a 12(b)(6) motion, a court shall properly reject any "conclusory recitations of law" pled within the complaint. *Commonwealth of Penn. v. PepsiCo, Inc.,* 836 F.2d 173, 179 (3d Cir.1988); *see Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997) (noting that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss").

Accordingly, a district court reviewing the sufficiency of a complaint has a limited role. In performing that role, the court determines not "whether the plaintiffs will ultimately prevail," but "whether they are entitled to offer evidence to support their claims." *Langford v. Atlantic City,* 235 F.3d 845, 847 (3d Cir.2000); *see also In re Burlington Coat Factory Sec. Litig. ("Burlington Coat"),* 114 F.3d 1410, 1420 (3d Cir.1997); *Syncsort Inc. v. Sequential Software, Inc.,* 50 F.Supp.2d 318, 325 (D.N.J.1999); *In re MobileMedia Sec. Litig.,* 28 F.Supp.2d 901, 922 (D.N.J.1998). Generally, the court's task requires it to disregard any material beyond the pleadings. *Burlington Coat,* 114 F.3d at 1426; *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993). However, the court may take judicial notice of certain "integral" documents or facts in resolving a motion to dismiss. *See In re NAHC Sec. Litig.,* 306 F.3d 1314, 1331 (3d Cir.2002).

## III. Doctrine of Qualified Immunity

The Third Circuit has ruled that parole board members are entitled to absolute

---

**6.** The Court notes that Defendants assert and Plaintiffs do not dispute that the allegations under the Eighth Amendment are linked and dependent upon establishing a violation of the Due Process Clause of the Fourteenth Amend-

ment. Therefore, the disposition of the Due Process claim will determine whether the Court needs to address the alleged Eighth Amendment violation.

immunity in their adjudicative functions, and qualified immunity for their activities in administrative functions. *See Harper v. Jeffries*, 808 F.2d 281, 284 (3d Cir.1986). Under the governing principles of *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the Court must determine, in a qualified immunity analysis, whether the Defendants violated a clearly established constitutional right. The first step in this analysis is to determine whether the facts "viewed in the light most favorable to the party asserting the injury, show that the [Defendants'] conduct violated a constitutional right." *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir.2002).

The "clearly established" part of the analysis requires a finding that a reasonable defendant would understand that the conduct in question was unlawful. *Curley*, 298 F.3d at 277. Under the guidelines of *Saucier*, this inquiry must be undertaken "in light of the specific context of the case, not as a general proposition." *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151. As the Third Circuit has recognized, "the existence of disputed historical facts material to the objective reasonableness of an officer's conduct will give rise to a jury issue." *Curley*, 298 F.3d at 278. However, the parties to this dispute agree on the germane historical facts.

In this matter, Plaintiffs allege that Defendants violated their constitutional rights because Plaintiffs and the other class members received Parole Board hearings with temporary appointed Board members participating in the decisions. The initial inquiry is whether the facts, viewed in the light most favorable to the Plaintiffs, show that the Defendants' conduct violated a constitutional right. In other words, to demonstrate a violation of a right under the Due Process Clause of the Fourteenth Amendment, Plaintiffs must show that a state-protected liberty or property interest has not been provided appropriate protection. *See Board of Regents v. Roth*, 408 U.S. 564, 569–72, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

▮▮▮▮ As Defendants have conceded, New Jersey prisoners have a state-created liberty interest in parole decisions (Defs.' Mot. at 14).[7] However, Plaintiffs must establish that Defendants' conduct violated a federal constitutional right under the *Saucier* analysis. In the instant matter, Plaintiffs allege that the participation of illegally appointed temporary Board members violated due process protections (Pls.' Opp. at 13). However, Plaintiffs fail to identify any particular infirmities in the hearings that were due to the participation of temporary Board members. There is no allegation of procedural or substantive unfairness beyond the charge that the temporary members participated in such hearings in violation of the statutory scheme. The gravamen of the due process violation, according to Plaintiffs, is that they and other prisoners similarly situated did not receive the parole hearing required by due process protections because the parole decisions were made "by a group of pretenders."[8]

---

7. Defendants identify several procedural due process rights in the protected liberty interest in parole decisions, and the general substantive due process right of fair treatment during the parole process. (Defs.' Br. at 14) (citing *Watson v. DiSabato*, 933 F.Supp. 390, 393 (D.N.J.1996) and *Jubilee v. Horn*, 975 F.Supp. 761, 764–65 (E.D.Pa.1997)). The seminal case finding such an interest is *New Jersey State Parole Board v. Byrne*, 93 N.J. 192, 460 A.2d 103 (1983).

8. *See* Pls.' Opp. At 13. Of course, these temporary members were not "pretenders" as Plaintiffs' counsel characterizes them. Whatever view one has of their status, they were in

Plaintiffs' allegation of a due process violation would require this Court to assume Plaintiffs are correct and reject Defendants' argument that these appointments were proper and comported with the Governor's executive authority under the Parole Act and the New Jersey Constitution (Defs.' Reply at 2). Furthermore, Plaintiffs are unable to demonstrate how the participation of these members violated due process protections for parole decisions. The Complaint offers no factual details that would demonstrate how the contested technical issue of state law regarding the proper appointment of Parole Board members violated the procedural or substantive due process protections implicated by the relevant parole decisions here. In particular, there are no allegations that the outcome of these decisions was altered by the participation of temporary members, or that any members of the class failed to receive, during these hearings, procedural rights that were integral to a fair decision.[9] Because two of the temporary members have now been confirmed by the State Senate as permanent members, the relief sought by Plaintiffs might result in prisoners receiving new panel hearings before the *same* Parole Board members, with the temporary Parole Board members now permanent Associate Board members.[10] It is difficult to perceive how this remedy would cure any alleged due process violations at issue.

In addition, Plaintiffs offer no support for their argument that there is a federal constitutional right regarding the appointment of parole board members. While the Court acknowledges that there is federal due process protection with regards to the liberty interest in parole decisions, there is no factual or legal support for the proposition that the proper method of appointment of Parole Board members implicates the "minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Plaintiffs cannot establish, and offer no support for the proposition that the federal constitutional protection in the liberty interest in parole decisions extends to the state statute regarding appointment of parole board members.[11] Plaintiffs may be able to establish or demonstrate that there is a state constitutional right implicated in the appointment of parole board members, but that matter of first impression is not properly brought before this Court. Plaintiffs have failed to show that there is a federal constitutional protection here, and have failed to meet the first prong of the *Saucier* analysis. However, this Court will also address these allegations with regards to the second prong of the *Saucier* analysis.

■ Beyond establishing that the Defendants' conduct violated a constitutional right under *Saucier,* Plaintiffs must also demonstrate that the right was clearly established in a manner that the reasonable defendant would understand that the conduct in question was unlawful. *Curley,* 298 F.3d at 277. In making this argument, Plaintiffs need to show that the state

fact publicly appointed by a governor and served in an official capacity.

9. Defendants mention some of these rights in their Motion to Dismiss, for instance, the notice of a determination, statement by the government, and opportunity for the prisoner to submit written responses. (Defs.' Mot. at 14).

10. *See* March 31, 2003 Transcript of Oral Argument at 8–9.

11. *See* March 31, 2003 Transcript of Oral Argument at 23.

of law at that time gave Defendants fair warning that their conduct was unconstitutional. *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 2511, 153 L.Ed.2d 666 (2002). Regardless of whether invalid or illegal appointments to the Parole Board implicate constitutional due process rights, there is no question that Defendants did not have clear notice that these appointments were invalid under New Jersey law. In fact, Plaintiffs concede in the Complaint that "a justifiable controversy exists between the Plaintiff Class and the Defendants with respect to the validity and legality of the aforesaid policy and practice [of appointing temporary Parole Board members]" (Compl.¶ 77).

Defendants assert that the appointment of the temporary Parole Board members was a valid exercise of executive authority under the Parole Act and the New Jersey State Constitution [12] (Defs.' Reply at 2). Defendants rely upon the August 22, 2000 Opinion letter from Assistant Attorney General of New Jersey, John Bender, advising that such temporary appointments were valid under the New Jersey Parole Act. (Ex. A to Defs.' Mot to Dismiss). While the conclusion of the Assistant Attorney General may now be questioned, it was not "clearly established" that the appointment of temporary parole Board members violated the U.S. Constitution.[13] Even if the participation of temporary Parole Board members does violate federal due process protections, the Defendants here "cannot have been 'expected to predict the future course of constitutional law.'" *Wilson v. Layne*, 526 U.S. 603, 617, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) (*quoting Procunier v. Navarette*, 434 U.S. 555, 562, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978)).

■ In fact, the Complaint itself does not make the necessary allegations of bad faith or malice to sustain this claim against the defense of qualified immunity. The Complaint only alleges that the Defendants "conspired" to deprive Plaintiffs of their constitutional and civil rights (¶ 69), because the Defendants knew their actions violated state law. However, when considered in light of Defendants' reliance upon the Opinion Letter of the Assistant Attorney General, this assertion does not meet the "malice" standard that requires the Plaintiff to plead beyond "bare allegations of malice." *See Kirk v. City of Newark*, 109 N.J. 173, 183, 536 A.2d 229 (1988) (interpreting *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). There is no factual allegation in the Complaint that these temporary Board members acted in anything other than good faith.[14]

■ Furthermore, because there are no factual allegations that these temporary members acted in bad faith and because of the stated reliance upon the Opinion Letter of the Assistant Attorney General, this Court finds as an alternative holding that Plaintiffs do not have a protected liberty interest because these Defendants have

---

**12.** The Court notes that these appointments were made in the context of litigation complaining about a severe backlog of parole hearings for inmates. *See* March 31, 2003 Transcript of Oral Argument at 4–5; 16–17. The problems caused by the backlog were addressed in the consent order of settlement in litigation before this Court in *Hawker v. Consovoy*, No. 00–cv–2106 (JAP).

**13.** The Court noted at oral argument that this Opinion letter was certainly not a blatant absolution of illegal actions, as Plaintiffs' counsel suggested, but a statutory interpretation offered by the Assistant Attorney General of the vacancy statute. *See* March 31, 2003 Transcript of Oral Argument at 14–16.

**14.** *See* March 31, 2003 Transcript of Oral Argument at 19.

met all the requirements of the "de facto officer" doctrine under New Jersey law. New Jersey recognizes the binding effect of government decisions made by those officials with apparent legal authority with respect to third parties. *See In re Fichner*, 144 N.J. 459, 468, 677 A.2d 201 (1996). Under this doctrine, those entitled to *de facto* officer status must possess a "good faith, yet legally mistaken belief that the individuals serving had been properly appointed or elected." *City of Hoboken v. City of Jersey City*, 347 N.J.Super. 279, 789 A.2d 668, 676 (2001). The actions of such an officer are valid and binding as if the officer were legally qualified for the office and in full possession of it as long as those actions "are within the scope and by the apparent authority of the office." *Casamasino v. City of Jersey City*, 158 N.J. 333, 350, 730 A.2d 287 (1999) (citations omitted). The Defendant temporary members meet these prerequisites, and the actions of these members are binding under the *de facto* officer doctrine.[15]

Because Plaintiffs have not shown that Defendants' conduct violated a clearly established constitutional right, the Defendants in this matter are entitled to qualified immunity. Furthermore, Plaintiffs fail to demonstrate that there is any constitutional liberty interest in these parole decisions that has been infringed because the actions of the temporary Parole Board members are binding under the New Jersey *de facto* officer doctrine. Therefore, Plaintiffs' claims related to violations of the Due Process Clause of the Fourteenth

Amendment and the Civil Rights Act, 42 U.S.C. § 1983, are dismissed.

## IV. Eighth Amendment and State Claims

Plaintiffs also assert that the unlawful participation of temporary Parole Board members subjected them to continued or renewed incarceration, violating the Cruel and Unusual Punishment Clause of the Eighth Amendment (Compl.¶ 69). However, this claim is necessarily dependent upon Plaintiffs establishing that Defendants' actions violated their Due Process rights under the Fourteenth Amendment. Because this Court holds that Defendants are entitled to qualified immunity, Plaintiffs' allegations that Defendants violated their Eighth Amendment rights must also fail.

In addition, Plaintiffs assert that the participation of temporary Board members violated the State Constitution and invoke the Court's authority to exercise supplemental jurisdiction over related state causes of action. Because the Court dismisses all of Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over the related state law allegations.

## V. Conclusion

Because Defendants are entitled to qualified immunity for any decisions made by Parole Board members while temporary Board members participated and these Board members were *de facto* officers under New Jersey law, this Court grants Defendants' motion to dismiss the Com-

---

**15.** The Court notes that the final determination of the validity of these appointments is a novel question of state law, and the determination of this issue would "obviate the need for a federal court to decide a constitutional issue." *Georgevich v. Strauss*, 772 F.2d 1078, 1089 (3d Cir.1985). Thus, the factors for *Pullman* abstention, *see Railroad Comm'n v.*

*Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), are present and would also be grounds for the Court to dismiss this case in favor of proceedings in state court. Because the Court dismisses the action, however, an analysis of abstention principles is unnecessary.

plaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. This case is closed.